UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

DERWIN ANDREWS,

               Defendant.

_____/

Case No. 1:22-cr-20114-2

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING GOVERNMENT'S MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE UNTIMELY REPLIES**

After a September 2021 search of a rental car revealed guns, crack cocaine, and fentanyl, Defendant Derwin Andrews—a passenger in the rental car—faces four criminal charges. On August 15, 2023, Defendant filed a Motion to Suppress, a Motion to Revoke Defendant's Detention Order, and a Motion to Exclude the Government's proffered Expert. ECF Nos. 121; 122; 123. The Government filed its Responses to these Motions on August 29, 2023. ECF Nos. 125; 127; 128. Despite a 14-day deadline, Defendant filed a Reply in support of his Motion to Suppress on September 19, 2023—one week after the reply deadline had passed. ECF No. 134. Accordingly, the Government filed a Motion to Strike Defendant's Reply as untimely. ECF No. 135. In response to the Government's Motion to Strike, Defendant filed a Motion for Leave seeking this Court's consideration of the already-filed Reply and two appended Replies not yet filed in support of his other motions. Because Defendant has shown good cause, his Motion for Leave will be granted. Accordingly, the Government's Motion to Strike will be denied.

**I.**

Defendant faces the following counts: conspiracy to possess with intent to distribute and to distribute controlled substances, 21 U.S.C. §§ 846 and 841(a)(1) (Count I); possession with

intent to distribute controlled substances/aiding and abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); possession of a firearm in furtherance of a drug trafficking crime/aiding and abetting, 18 U.S.C. § 924(c)(1)(A) and (B)(iii); 18 U.S.C. § 2 (Count III); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count V). *See* ECF 107.

On August 15, 2023, Defendant filed (1) a Motion to Suppress all of the evidence seized from the September 2021 stop, ECF No. 121; (2) a Motion for Revocation of Detention Order, seeking release on bond, ECF No. 122; and (3) a Motion in Limine seeking to Exclude the Government's proffered expert, Bureau of Alcohol, Tobacco, and Firearms Special Agent Kyle McGraw. ECF No. 123.

On August 29, 2023, the Government filed its Responses to all three of Defendant's Motions. *See* ECF Nos. 125, 127, 128. Accordingly, Defendant's Replies—if any—were due 14 days later, on September 12, 2023. E.D. MICH. LR 7.1(e)(2)(B). But Defendant filed his Reply in support of his Motion to Suppress on September 19, 2023, one week after the deadline. ECF No. 134. Accordingly, later that same day, the Government filed a Motion to Strike Defendant's Reply as untimely. ECF No. 135.

In response to the Government's Motion to Strike, Defendant filed a Motion for Extension of time to File, ECF No. 138. In the Motion, Defendant explains he "has been hindered in filing timely Replies by unexpected delays[.]" *Id.* at PageID.1361. Further, Defendant requests that two additional untimely and un-filed Replies which Defendant appended to the Motion, including (1) Defendant's Reply to the Government's Response to Defendant's Motion for Revocation, ECF No. 138-1, and (2) Defendant's Reply to the Government's Response to Defendant's Motion in Limine to Exclude the Government's Expert, ECF No. 138-2, be accepted. As explained below,

Defendant's Motion for Leave will be granted and Defendant will be directed to separately file the two Replies appended to his Motion. The Government's Motion to Strike will be denied.

## II.

Criminal Rule 12(c)(3) warns parties that a pleading filed after a court-imposed briefing schedule or motions deadline will be considered untimely. *See* FED. R. CRIM. P. 12(c)(3). In accordance with this Rule, the Eastern District of Michigan promulgated local rules regarding briefing schedules. Local Rule 7.1(e)(2)(B) provides, if filed, Replies "must be filed within 14 days after service of the [R]esponse, but not less than 3 days before the motion hearing." E.D. MICH. LR 7.1(e)(2)(B). However, untimely Replies filed after this 14-day deadline may still be considered by this court, "if the party shows good cause." FED. R. CRIM. P. 12(c)(3).

On the other hand, striking a pleading because it is untimely should be done sparingly. Striking is considered a "drastic remedy" and is generally reserved for when the matter to be stricken has "no possible relation to the controversy." *Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC*, No. 21-CV-11621, 2023 WL 3676941, at *6 (E.D. Mich. May 26, 2023); *House of Providence v. Meyers*, 458 F. Supp. 3d 621, 647 (E.D. Mich. 2020); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953 ("[B]ecause of the practical difficulty of deciding cases without a factual record[,] it is well-established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only for the purposes of justice."). Indeed, Sixth Circuit policy "values the disposition of cases on the merits" and generally opposes striking pleadings. *Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 926 (E.D. Mich. 2022) (quoting *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006)).

**III.**

Although all of Defendant's Replies—the one already filed and the two appended to his Motion for Leave, ECF No. 138, —are untimely, this Court is satisfied that Defendant has shown good cause for his tardiness to allow this Court's consideration.

Defendant's Reply in support of his Motion to Suppress was filed one week—seven days—late. *See* ECF Nos. 125, 134. And the very next day, Defendant filed his Motion for Leave which contained Defendant's other two Replies. *See* ECF No. 138. Further, Defendant explained that his untimeliness was caused by "unexpected delays" as Defendant was attempting to "obtain[] additional evidence in the form of activity reports of law enforcement officers and verification of other law enforcement activity on the night in question[.]" *Id.* at PageID.138.

Accordingly, Defendant will be granted leave to file the two Replies appended to his Motion for Leave and this Court will not resort to the "drastic remedy" of striking Defendant's untimely, but already filed, Reply to Government's Response to Defendant's Motion to Suppress. ECF. No. 134.

**IV.**

Accordingly, it is **ORDERED** that the Government's Motion to Strike Defendant's Reply to the Government's Response to Defendant's Motion to Suppress, ECF No. 136, is **DENIED.**

Further, it is **ORDERED** that Defendant's Motion for Leave to File Reply Out of Time, ECF No. 138, is **GRANTED.**

Further, it is **ORDERED** that Defendant is **DIRECTED** to separately file the two Replies appended to its Motion for Leave: (1) Defendant's Reply in support of his Motion for Revocation, ECF No. 138-1; and (2) Defendant's Reply in support of his Motion in Limine to Exclude the Government's Expert, ECF No. 138-2.

**This is not a final order and does not close the above-captioned case.**

Dated: October 13, 2023                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge