UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DERWIN ANDREWS,

      Defendant.

_____/

Case No. 1:22-cr-20114-2

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

In April 2023, Magistrate Judge Patricia T. Morris ordered Defendant Derwin Andrews's pretrial release, subject to conditions and a $10,000 bond. Immediately thereafter, the Government filed a motion seeking the revocation of Defendant's pretrial release, which was granted by this Court because Defendant—charged with various controlled substances and firearm offenses—had not rebutted the presumption of detention under the Bail Reform Act. Months later, after a change of Counsel, Defendant filed a Motion to Reopen his Detention Hearing and attached 15 letters written by Defendant, his family, and his friends which, generally, discussed his community and family ties and his good character. But these letters do not present information that was unknown to Defendant at the time of his initial April 2023 detention hearing and, even if the information was sufficiently "new," the information is not sufficiently material to mitigate Defendant's dangerousness or flight risk. So, Defendant's Motion to Reopen his Detention hearing will be denied.

**I.**

Defendant Derwin Andrews is currently charged with conspiracy to possess with intent to distribute and to distribute controlled substances, 21 U.S.C. §§ 846 and 841(a)(1) (Count I); possession with intent to distribute controlled substances/aiding and abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); possession of a firearm in furtherance of a drug trafficking crime/aiding and abetting, 18 U.S.C. § 924(c)(1)(A) and (B)(iii) 18 U.S.C. § 2 (Count III); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count V). ECF No. 107.

Following a detention hearing on April 27, 2023, ECF Nos. 95; 97, Magistrate Judge Patricia T. Morris set bond at $10,000 and issued an order setting the conditions for Defendant's pretrial release. ECF No. 100; 101. That same day, the Government filed a Motion seeking the revocation of Defendant's pretrial release, arguing Defendant "failed to rebut the presumption of detention" applicable to his case "and that[,] in any event[,] he presents a danger to the community and risk of flight that no condition or combination of conditions can" mitigate. ECF No. 92 at PageID.451. On May 4, 2023, after a hearing, this Court granted the Government's motion, revoked Defendant's pretrial release, and ordered Defendant detained pending trial. ECF No. 99.

Months later, after Defendant obtained new Counsel, ECF No. 108, Defendant field a Motion to Reopen his Detention Hearing. ECF No. 122. Defendant argues that "new information concerning the Defendant's family and community involvement" has been obtained which is "of a nature that would increase the likelihood that the [D]efendant will appear at trial and would show that the [D]efendant is less likely to pose a danger to the community." *Id.* at PageID.1252–53. This "new information" was contained in a set of 15 attached character letters from Defendant himself, Defendant's two sisters, Defendant's mother, the mother of Defendant's children, seven of Defendant's friends, and three of Defendant's nephews or nieces. *See generally* ECF No. 122-1.

The Government responded that (1) these letters do not contain information not known to Defendant at the time of his initial detention hearing that has a material bearing on danger to the community or risk of flight, and (2) Defendant ultimately failed to rebut the presumption of detention contained in the Bail Reform Act. ECF No. 127. In reply, Defendant argues the letters are "new information" not known to Defendant at the time of his initial detention hearing because Defendant's prior counsel "did not reach out" to any of Defendant's family or community members. ECF No. 149 at PageID.1406–07.

A motion hearing was held on January 2, 2024. For the reasons stated on the record and discussed below, Defendant's Motion to Reopen his Detention Hearing will be denied.

## II.

"A district court has the discretion—but is not required—to reopen a detention hearing" if (1) new information exists that was unknown to the movant at the time of the initial detention hearing; and (2) the new information has a *material* bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. *United States v. Rivers*, No. 19-20492, 2021 WL 5234516, at *1 (E.D. Mich. Nov. 10, 2021) (citing 18 U.S.C. § 3142(f)(2)(B)); *see also United States v. Sandles*, 9 F. App'x 377, 379 (6th Cir. 2001).

## III.

Defendant has not presented "new information" that was unknown to him at the time of his April 27, 2023 detention hearing, and even if the information was sufficiently "new," it is not sufficiently material to mitigate Defendant's dangerousness or risk of flight.

First, the contents of the 15 letters attached to Defendant's Motion do not present any "new information" that was unknown to him—or this Court—at the time of Defendant's April 2023

detention hearing. The letters from Defendant and his family and friends explain, generally, that (1) Defendant has a wife and two children; (2) Defendant has a large extended family; (3) Defendant would be employed if released pretrial; and (4) Defendant is a good and loyal person. *See* ECF No. 122-1. But this information was considered by this Court when revoking Defendant's pretrial release because this Court found, even if all of this information was true, it was insufficient to rebut the presumption of detention. ECF No. 99. Further, it is unclear how any of this information was unknown *to Defendant* at the time of his initial detention hearing. Indeed, at the initial detention hearing, Defense Counsel used this very information to argue for Defendant's pretrial release. ECF No. 97 at PageID.482 (noting Defendant was a lifelong resident of Saginaw and has a wife and two children). And Defense Counsel's claim that these letters are "new information" sufficient to reopen a detention hearing solely because prior counsel did not seek out character letters from Defendant's family and community, ECF No. 149 at PageID.1406–07, misses the mark. Because this information was available at the original detention hearing, "or easily could have been," the "rather stringent standards for reopening" have not been met. *United States v. Hughes*, No. 09-30256, 2009 WL 1833593, at *1 (E.D. Mich. June 22, 2009).

In the alternative, even if the 15 letters contain "new information" sufficient to reopen his detention hearing, the information does not have a *material* bearing on Defendant' dangerousness or flight risk. To be sufficiently material, the information must have more than some slight bearing on dangerousness or flight risk; instead, it must "constitute 'truly changed circumstances, something unexpected, or a significant event[.]'" *United States v. Meeks*, No. 10-20123, 2011 WL 4407448, at *2 (E.D. Mich. Sept. 22, 2011) (citing *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009), *aff'd*, 511 F. App'x 391 (6th Cir. 2013)). But the letters Defendant provides show nothing of the sort. Indeed, Defendant's own letter suggests

an *increased* risk of flight than what was known by this Court at the time of his initial detention hearing. In his character letter, Defendant—who was initially charged at the state level—wrote that he became aware of his federal indictment in "October or November" of 2022. ECF No. 122-1 at PageID.1261. But, despite having "every intent to walk [him]self into custody[,]" his arrest warrant was not executed until *April 28, 2023*, ECF No. 96, because he "wanted to get the holidays out of the way." ECF No. 122-1 at PageID.1261. Accordingly, even if the information Defendant provided was sufficiently "new," it is immaterial to mitigate this Court's finding of dangerousness and risk of flight and, thus, his Motion to Reopen his Detention Hearing will be denied. *See United States v. Meeks*, No. 10-20123, 2011 WL 4407448, at *4 (E.D. Mich. Sept. 22, 2011) (denying motion to reopen when defendant only presented information that had "some bearing" on the weight of the evidence of defendant's dangerousness).

## IV.

Accordingly, and for reasons sated on the record during the January 2, 2024 evidentiary hearing, it is **ORDERED** that Defendant's Motion to Reopen Detention Hearing, ECF No. 122, is **DENIED.**

**This is not a final order and does not close the above-captioned case.**

Dated: January 11, 2024          s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge